UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FLO R. MULLINGS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No.: |
| | ) |
| OUTPATIENT SERVICES HOLDINGS, INC. d/b/a HCA HOUSTON HEALTHCARE WEST f/k/a WEST HOUSTON MEDICAL CENTER, | ) ) ) ) ) ) |
| | ) |
|    Defendant. | ) ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, Flo R. Mullings (hereinafter "Plaintiff"), and files her Complaint against Defendant OutPatient Services Holdings, Inc. (hereinafter "Defendant"), and in support Plaintiff states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"), and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq*. ("TCHR") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her race leading to her unlawful termination.

1

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Texas Labor Code pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

**THE PARTIES**

5. Plaintiff is a female citizen of the United States, and is and was at all times material, a resident of the state of Texas.

6. Defendant is a Foreign For Profit Corporation with its principal place of business located in Nashville, Tennessee.

7. Defendant does business in this judicial district and Plaintiff worked for Defendant at its HCA West Houston location; 12141 Richmond Ave, Houston, Texas 77082.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

**PROCEDURAL REQUIREMENTS**

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about April 24, 2019, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

11. Plaintiff's EEOC charge was filed within three (300) hundred days after the alleged unlawful employment practices occurred.

12. On or about January 27, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, upon request.

13. This complaint was filed within ninety days of the issuance of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff is an African American female.

15. Plaintiff worked for Defendant in a full-time capacity. Plaintiff began her employment as a Supervisor in Defendant's Post-Surgical unit.

16. In November 2017, Defendant assigned Plaintiff additional duties of a Bariatric Coordinator (without commensurate pay).

17. Defendant again shifted Plaintiff's role in early 2018 when it gave Plaintiff the role of Interim Director of its Geriatric Psychology Department and removed her from the Post-Surgical unit. Again, Defendant did not pay Plaintiff commensurate with her duties.

18. In May 2018, Defendant removed Plaintiff from her Bariatric Coordinator position, but in name only as Plaintiff was still performing the Coordinator duties.

19. During Plaintiff's tenure, Tekhesia Phillips, Director (African American), created a hostile work environment. For example, Ms. Phillips directed Plaintiff's subordinates to not

speak with Plaintiff which isolated Plaintiff and made it difficult to perform her job duties. Ms. Phillips further spread rumors in the workplace that Plaintiff was a "complainer" and a "liar" causing strife and a palpable rift between Plaintiff and other employees.

20. Ms. Phillips would exclude Plaintiff from communications about work-related matters and staff meetings as well as falsely accusing Plaintiff of making mistakes in Defendant's Kronos system despite refusing to provide Plaintiff training on the same.

21. Ms. Phillips further would glare at Plaintiff in a threatening manner and make verbal threats of physical violence by saying in some fashion that Ms. Phillips would knock Plaintiff out.

22. In December 2017, Plaintiff filed a complaint with Defendant's ethics hotline (Case No.: 2017-110047AL) and raised her concerns to James Dinkins, Human Resources Director (Caucasian). In part, in her email to Mr. Dinkins, Plaintiff stated "*The harassment and bullying that I am experiencing from Tekhesia is so unbearable*."

23. However, due to Plaintiff's race, Defendant took no remedial action. Mr. Dinkins would bring Plaintiff in the office, talk to her, set her up for meetings with Megan Marietta, Chief Executive Officer (Caucasian), but the meetings did not amount to any results or action to alleviate the hostile work environment.

24. Plaintiff attempted to communicate with Ms. Phillips directly when she emailed Ms. Phillips stating, "*The harassment and bullying you are doing to me really needs to stop.*" Plaintiff's pleas for the harassment and discrimination to stop were in vain.

25. Plaintiff met with Ms. Phillips and Toni Cotton, Chief Nursing Officer (Caucasian), to discuss the hostile work environment but nothing was resolved. Instead, Ms.

4

Phillips escalated her harassment and retaliation against Plaintiff by belittling her in front of her staff and only communicating in a curt and unprofessional manner.

26. Ms. Phillips continued targeting Plaintiff and in approximately January 2018, Ms. Phillips stripped Plaintiff of all managerial duties such as conducting rounds to check on patients, removed Plaintiff's ability to make follow up phone calls to discharged patients, estopped Plaintiff from meeting with her staff, and excluded Plaintiff from nursing meetings.

27. Plaintiff raised her concerns to Ms. Cotton, but nothing was done.

28. As further evidence of Defendant's discriminatory animus towards Plaintiff, at one point, Valysia Sparks, Human Resources (African American) relayed to Plaintiff that she was approved for additional pay based on her simultaneous work in Defendant's Post-Surgical and Bariatrics Units.  However, in approximately September 2018, Ms. Marietta changed course and denied Plaintiff her additional pay for her additional duties.

29. Plaintiff raised her concerns about this and the continued discrimination and targeting to Ms. Sparks and Marquetta (last name unknown) in Human Resources to no avail.

30. Ultimately, due to her race, Plaintiff never received her divisional pay.

31. By contrast, Chanell Bort, Director (Caucasian) worked both in Defendant's Intermediate Care Unit and its Intensive Care Unit and was paid divisional pay.

32. During this time Randall Walker (Caucasian) became Defendant's Interim Assistant Chief Nursing Officer.

33. During the normal course of her job duties, Plaintiff reported Nicolas Tweedel, a subordinate for allegedly abusing and/or stealing narcotics as Plaintiff learned this employee was taking narcotics from Defendant's Pyxis system and not giving the narcotics to patients.

5

34. Instead of supporting Plaintiff in her report of alleged narcotics abuse and theft, Defendant seized on this opportunity to target Plaintiff for termination. Soon after her report of narcotics abuse and theft to Mr. Walker, Defendant suspended Plaintiff. Of note, at this time Mr. Walker was only a few weeks into his role as Interim Assistant Chief Nursing Officer and simply continued Defendant's discriminatory animus towards Plaintiff due to her race.

35. In January 2019, Plaintiff emailed Ms. Cotton an email entitled "Work Environment" to again report the hostile work environment. In her email, Plaintiff specifically states "*The work environment I am under is so hostile and uninviting that I feel emotionally drained when I am on the unit…As of today, my duties on the unit are doing absolutely nothing. Tekhesia has taken all my managerial duties away that I am just sitting in my office doing nothing for the unit. If I did not have bariatric I would truly have nothing to do. Again, I am not sure what I have done to deserve this type of treatment and inappropriate behavior from my Director. To feel alienated from the staff when you built a good working relationship is very hard to handle.*"

36. Defendant again failed to take remedial action and Plaintiff emailed Benjamin Foster, Corporate Director, to again express her concerns about the hostile work environment and the severe and persistent racial discrimination she faced from upper management.

37. Despite Plaintiff's clear communication of the aforementioned narcotics abuse and theft, Mr. Walker suspended Plaintiff citing the pretextual reason of "communication" which is utterly absurd as Plaintiff acted within Defendant's guidelines once the issue came to her attention.

38. While Plaintiff was suspended, Defendant placed Len Thompson, Social Worker, (Caucasian) in Plaintiff's position.

39. During this time, Plaintiff retained Spielberger Law Group as she feared continued discrimination and retaliation. Spielberger Law Group emailed its firm's letter of representation to Defendant, specifically Tamina Chenier, Human Resources (African American), outlining Plaintiff's claims.

40. Ms. Chenier called Plaintiff while she was on suspension (and two days after receiving Spielberger Law Group's letter of representation of Plaintiff) and terminated her employment citing purely pretextual reasons.

41. As further evidence of Defendant's discriminatory animus towards Plaintiff based on her race, Dr. Renu K. Thapar, Geriatrician, was overheard by Plaintiff's subordinate stating that Defendant preferred a Caucasian employee to take Plaintiff's place.

42. Plaintiff has been damaged by Defendant's illegal conduct.

43. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Race Based Discrimination in Violation of Title VII**

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

45. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her race, African American.

46. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

47. Defendant violated Title VII by terminating and discriminating against Plaintiff based on her race.

48. Defendant intentionally discriminated against Plaintiff on the basis of her race.

49. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

50. Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II: Retaliation in Violation of Title VII

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

52. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

53. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

54. Defendant's conduct violated Title VII.

55. Plaintiff has satisfied all statutory prerequisites for filing this action.

56. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

57. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

58. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III: Hostile Work Environment

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

60. Plaintiff engaged in protected activity.

61. Following Plaintiff's engagement in protected activity Defendant subjected her to unwelcomed harassment.

62. Plaintiff's protected activity was the "but for" cause of the harassment.

63. The harassment was sufficiently severe or pervasive to alter the terms of Plaintiff's employment as Plaintiff was terminated.

64. Defendant is vicariously liable for the harassment inflicted upon Plaintiff at the hands of its employees who were acting as Defendant's agents.

**Count IV: Race Based Discrimination in Violation of
The Texas Labor Code §§ 21 *et seq*.**

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

66. At all times relevant to this action, Plaintiff was in a protected category under Texas Labor Code § 21.05, because of her race, African American.

67. Defendant is prohibited under Texas Labor Code § 21.051 from failing or refusing to hire Plaintiff, discharge Plaintiff, or discriminate in any other manner against Plaintiff in connection with compensation or the terms, conditions, or privileges of employment; or to limit, segregate, or classify Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect in any other manner Plaintiff's employment status because of her race.

68. Defendant intentionally discriminated against Plaintiff on the basis of her race.

69. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Texas Labor Code § 21.051, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

70. Defendant's unlawful conduct in violation of Texas Labor Code § 21.051 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count V: Retaliation in Violation of the TCHR**

71. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

72. Plaintiff engaged in protected activity under the TCHR on more than one occasion while employed by Defendant.

73. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

74. Defendant's conduct violates the TCHR.

75. Defendant's discriminatory conduct, in violation of the TCHR, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

76. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

77. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

**Count VI: Unlawful Race Based Discrimination in Violation of Section 1981**

78. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

79. Defendants discriminated against Plaintiff in violation of Section 1981.

80. Based on the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as non-African American employees.

81. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Plaintiff to equitable monetary relief.

82. Plaintiff has also suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling her to compensatory damages.

83. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights thereby entitling her to an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

                                      Respectfully Submitted:

                                      */s/ Gary J. Martoccio*
                                      Gary Martoccio
                                      Texas Bar No.:24108958
                                      Spielberger Law Group
                                      4890 W. Kennedy Blvd., Suite 950
                                      Tampa, Florida 33609
                                      T: (800) 965-1570
                                      F: (866) 580-7499
                                      gary.martoccio@spielbergerlawgroup.com

                                      *Counsel for Plaintiff*